IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AmerisourceBergen Drug Corporation, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:05-cv-0199 |
| | : | |
| Meijer, Inc., et al., | : | JUDGE HOLSCHUH |
| | : | |
| Defendants. | : | |

MEMORANDUM AND ORDER

On March 3, 2005, AmerisourceBergen Drug Corporation filed an action against defendants Meijer, Inc. and Meijer, Inc. d/b/a Ward Research Company and Thrifty Acres asserting breach of contract and unjust enrichment claims based on Meijer's alleged failure to pay for pharmaceutical products it bought from AmerisourceBergen.  On May 13, 2005, Meijer filed a motion to transfer venue to the United States District Court for the Western District of Michigan, Southern Division under 28 U.S.C. §1404(a).  For the following reasons, Meijer's motion to transfer venue will be granted.

I.

The following statement of facts is taken from the complaint and motion to transfer venue, and all memoranda filed in connection with that motion.  AmerisourceBergen is a supplier of medical and pharmaceutical products.  It is a Delaware corporation with its principal place of business in Chesterbrook, Pennsylvania.  Meijer and its affiliated companies own and operate stores in the Midwest.  Meijer, Inc. is a Michigan

corporation with its principal place of business in Grand Rapids, Michigan.

Beginning on an unspecified date, Meijer began to place orders for medical and pharmaceutical products from AmerisourceBergen. AmerisourceBergen would then fill the orders and deliver the products from its various distribution centers, including one in Columbus, Ohio, the products were delivered to Meijer stores in the Midwest. AmerisourceBergen alleges that Meijer has not paid it in full for goods shipped in 2001 through the present and that as of February 28, 2005, Meijer owed it more than $8,000,000.00. On March 3, 2005, AmerisourceBergen filed the instant action.

Meijer moves under 28 U.S.C. §1404(a) to transfer venue to the United States District Court for the Western District of Michigan, Southern Division. Meijer claims that the purchase contracts at issue are governed by Michigan law pursuant to a choice of law provision in the purchase orders and also that the purchase orders call for actions related to the purchases to be venued in courts seated in Kent County, Michigan. See Meijer's Motion To Transfer Venue at Exh. 3. Kent County is located in the proposed transferee district, and Grand Rapids, also in Kent County, is an authorized seat of court in that district. 28 U.S.C. §102(b). Further, Meijer claims that the relevant witnesses and voluminous documents are located in Michigan.

AmerisourceBergen opposes transfer and claims that the locus of its operations related to Meijer's debt is in Lockbourne, Ohio. Daniel Wingett, AmerisourceBergen's regional credit director, is based in Lockbourne and continues to have primary responsibility for the Meijer account receivable. Thus, its documents related to the Meijer account are located in Lockbourne. Further, AmerisourceBergen points out that this is a straightforward debt collection case and that if Michigan law

2

applies, there will not be any novel issues for this Court to decide.  Finally, AmerisourceBergen contends that Meijer's reliance on the venue provision in the purchase order is unavailing because the purchase order Meijer submitted as evidence is not signed by an AmerisourceBergen representative.

## II.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  In evaluating a motion to transfer venue, the presence of a valid forum selection clause is a significant factor in analyzing a §1404(a) motion for discretionary change of venue, but it is not determinative.  See Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 32 (1988); Kerobo v. Southwestern Clean Fuels, Corp., 285 F.3d 531, 537 (6th Cir. 2002).  Forum selection clauses are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances.  See M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972); Moses v. Business Card Express, Inc., 929 F.2d 1131, 1136 (6th Cir. 1999).  The Court first will determine whether the forum selection clause applies and then will turn to the question of whether venue should be transferred under §1404(a).

As stated above, AmerisourceBergen contends that Meijer's reliance on the venue provision in the purchase order is unavailing because the purchase order Meijer submitted as evidence is not signed by an AmerisourceBergen representative. AmerisourceBergen is correct that the purchase order submitted by Meijer is not signed.  However, Meijer also submitted the affidavit of Timothy J. Lesneski, group vice-president of Hardlines and Drug Store for Meijer, Inc., who explains that Meijer's commercial relationships with its vendors "are governed

3

by standard 'Purchase Order Terms and Conditions' which are disseminated from Michigan electronically and in hard copy to virtually all of the vendors with whom the Meijer, Inc. or its Affiliates does business."  Meijer's Motion To Transfer Venue, Exh. 2, Lesneski Aff. ¶8.  The purchase order submitted by Meijer is an example of this standard order.  See id.  Mr. Lesneski states that AmerisourceBergen received the standard Purchase Order Terms and Conditions though electronic certified mail.  See id. at ¶12.  Attached as an exhibit to Mr. Lesneski's affidavit is an electronic confirmation of AmerisourceBergen's receipt of the Purchase Order Terms and Conditions.  See id. at Exh. B.  AmerisourceBergen has not submitted evidence to dispute Mr. Lesneski's statement.  Consequently, although the purchase order in the record is not signed by an AmerisourceBergen representative, the Court finds for purposes of this motion that Meijer's and AmerisourceBergen's business relationship nevertheless is governed by the Purchase Order Terms and Conditions.

Although not addressed by the parties, the next question before the Court is whether the forum selection clause language is mandatory or permissive.  This question has been often litigated.  In K&V Scientific Co. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW"), 314 F.3d 494 (10th Cir. 2002), the Tenth Circuit Court of Appeals summarized that:

> Generally speaking, the circuits that have addressed the issue are in agreement that where venue is specified [in a forum selection clause] with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified [in a forum selection clause], the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive.

4

Id. at 499 (citations omitted).

In this case, Meijer's purchase order provides that "[a]ny legal action between BUYER and SELLER related to any transaction hereunder shall be conducted in courts seated in Kent County, Michigan."  Meijer's Motion To Transfer Venue at Exh. 3 ¶10. Based on the clause, the Court concludes that venue is clearly specified and the word "shall" connotes obligatory language.  In fact, the Sixth Circuit found a similar clause to be mandatory in General Electric Co. v. Siempelkamp, GmbH & Co., 29 F.3d 1095 (6th Cir. 1994).  In that case, the Sixth Circuit held that a clause stating that "all" disputes "shall" be heard at a particular venue was mandatory.  Likewise, the Court concludes that the clause at issue is mandatory and should be enforced.

### III.

Having determined that the forum selection clause governs the parties' business relationship and that it is mandatory, the Court next turns to whether venue should be transferred under §1404(a).  The first question is whether the United States District Court for the Western District of Michigan, Southern Division is a division where the action might originally have been brought.  Under the federal venue statute, 28 U.S.C. §1391, an action may be brought in "a judicial district where any defendant resides, if all defendants reside in the same State." 28 U.S.C. §1391(a)(1).  A corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  Id. at §1391(c).

Meijer is subject to personal jurisdiction in Michigan given that it is a Michigan corporation.  When a state has more than one district, as Michigan does, a "corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State."  Meijer's principal place

5

of business is in Grand Rapids, Michigan. Thus, presumably, this is where it conducts a substantial amount of business. Grand Rapids is within the western district, southern division. Consequently, Meijer is subject to personal jurisdiction there and it is a district and division where the action originally could have been brought.

The Court now turns to the factors it must consider when determining whether to transfer venue. In addition to the forum selection clause, the "district court must weigh a number of case-specific factors such as the convenience of parties and witnesses, public interest factors of systemic integrity, and private concerns falling under the heading the interest of justice." Kerobo, 285 F.3d at 537-538. Ruling on discretionary transfer of venue motions requires a court to make a case-by-case evaluation of the particular circumstances at hand and consideration of all relevant factors. See Stewart, 487 U.S. at 29.

The party moving for transfer of venue generally has the burden of proving that transfer is appropriate and the plaintiff's choice of forum is entitled to considerable weight. See Nicol v. Koscinski, 188 F.2d 537, 537 (6th Cir. 1951). However, courts have held that the presence of a forum selection clause negates the presumption given to the plaintiff's choice of forum and requires the plaintiff to prove why enforcement and transfer is unreasonable under the circumstances. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3rd Cir. 1995); In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989); Viron Int'l Corp. v. Boland, Inc., 237 F.Supp.2d 812, 816 (W.D. Mich. 2002). Thus, in this case, AmerisourceBergen bears the burden of pointing to specific reasons why enforcement of the forum selection clause is unreasonable.

    1. <u>Convenience of the parties and witnesses</u>

Regarding convenience, Meijer points out that neither it nor AmerisourceBergen is an Ohio corporation or has a principal place of business in Ohio. Further, Meijer's relevant employees reside in Michigan. On the other hand, AmerisourceBergen points out that its employee who is responsible for the Meijer account receivable is located in Lockbourne, Ohio.

Although it might be more convenient for Meijer to litigate the action in Michigan, typically if a change of venue serves merely to shift the inconvenience from the defendant to the plaintiff, a change of venue is improper. See Raymond E. Danto Associates, Inc. v. Arthur D. Little, Inc., 316 F.Supp. 1350, 1358 (E.D. Mich. 1970). But, in this case, as stated above, because there is a valid forum selection clause, the burden is AmerisourceBergen's to demonstrate that enforcement of the clause is unreasonable. Because there is no evidence that transferring venue to Michigan would be a significant inconvenience to AmerisourceBergen or its witnesses, the Court cannot conclude that this factor weighs against transfer.

    2. Public interest factors of systemic integrity

Public interest factors include the issues of congested dockets, concerns with resolving controversies locally, and, in a diversity case, having the trial in a forum that is at home with the state law that must govern the case. See Gulf Oil Corp v. Gilbert, 330 U.S. 501, 508-509 (1947).

In this case, the forum selection clause provides that the terms and conditions of the purchase order are governed by Michigan law. See Meijer's Motion To Transfer Venue at Exh. 3 ¶10. Although there is no indication that contract law in the State of Michigan is unique, see, e.g., Midwest Motor Supply Co., Inc. v. Kimball, 761 F.Supp. 1316, 1319 (S.D. Ohio 1991), this factor weighs slightly in favor of transfer.

Regarding docket congestion, it appears that the docket in

7

the Western District of Michigan is less congested than the docket of this Court. The parties disagree about how to determine docket congestion, but AmerisourceBergen does not dispute Meijer's evidence that for the period ending September 30, 2004, the median time interval from filing to disposition of a civil case in the Southern District of Ohio was 12.1 months. The median time interval for the same period in the Western District of Michigan was 9.7 months. Presuming that these figures accurately represent current conditions, this factor weighs in favor of transfer.

Regarding which state, Ohio or Michigan, has the greater interest in resolution of the dispute, AmerisourceBergen claims that Ohio has the greater interest because in the years 2003 and 2004, each year AmerisourceBergen sold and delivered almost $100,000,000.00 worth of pharmaceuticals to Meijer pharmacies in Ohio. See AmerisourceBergen's Response at Wingett Decl. ¶3. In those same years, each year AmerisourceBergen shipped from its distribution center in Columbus, Ohio approximately $113,000,000.00 worth of pharmaceuticals. See id. Further, Mr. Wingett, who is based in Lockbourne, Ohio has primary responsibility for the Meijer account receivable at issue.

On the other hand, Meijer claims that Michigan has the greater interest in resolving the dispute in part because Meijer is a Michigan corporation with its principal place of business in Grand Rapids, Michigan. Further, Meijer claims that it ordered medical and pharmaceutical products from AmerisourceBergen and made the decision not to pay the amounts owing from its office in Michigan. See Meijer's Motion To Transfer Venue, Exh. 2, Lesneski Aff. ¶¶14, 16.

While Ohio has an interest given that AmerisourceBergen does a substantial amount of business in Ohio, Michigan also has an interest in resolving a dispute involving one of its resident

corporations. Therefore, AmerisourceBergen has not demonstrated that transfer to Michigan to enforce the forum selection clause would be unreasonable.

### 3. Private interest factors

The private interests of litigants include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises . . .; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Gulf Oil, 330 U.S. at 508.

Meijer claims that venue should be transferred because the relevant employees as well as voluminous documents are located in Michigan. Also, apparently, there is a former AmerisourceBergen employee who serviced the Meijer account who lives in Michigan and whom Meijer may call as a witness. Meijer points out that this witness would be beyond this Court's subpoena power. On the other hand, AmerisourceBergen claims that the action should remain in this Court because the locus of its operations related to Meijer's debt is in Lockbourne, Ohio. Mr. Wingett, AmerisourceBergen's regional credit director is based in Lockbourne and continues to have primary responsibility for the Meijer account receivable. Thus, its documents related to the Meijer account are located in Lockbourne.

Although AmerisourceBergen claims that the relevant documents are in Lockbourne, Ohio, it has not shown that there is a specific hardship in transporting these documents to Michigan. See AMF, Inc. v. Computer Automation, Inc., 532 F.Supp. 1335, 1340 (S.D. Ohio 1982). Further, AmerisourceBergen has not demonstrated that Mr. Wingett is unwilling to attend trial in Michigan. See Gdovin v. Catawba Rental Co., 596 F.Supp. 1325, 1327 (N.D. Ohio 1984). Thus, for this factor, AmerisourceBergen has not met its burden of showing that enforcement of the forum

selection clause would be unreasonable.

In sum, analysis of the above factors shows that the convenience of the parties and witnesses, public interests, and private interests do not demonstrate that enforcement of the forum selection clause would be unreasonable.  Consequently, Meijer's motion to transfer venue will be granted.

### IV.

Based on the foregoing, Meijer's motion to transfer venue (file doc. #5) is GRANTED.  This action is TRANSFERRED to the United States District Court for the Western District of Michigan, Southern Division.


Date: July 8, 2005                **/s/ John D. Holschuh**
                                  John D. Holschuh, Judge
                                  United States District Court